Dear Representative Scogin:
You have requested a reconsideration of Opinion 89-553A in order to clarify its discussion of the weight enforcement powers of the police jury.
The police jury is both a legislative and executive body politic. The scope of the powers delegated to each function are not co-extensive. For instance, while the police jury may legislatively define an act to be a crime, it does not have the executive power to enforce its own criminal enactments. The constitution designates the sheriff as the principal enforcement officer for criminal violations of either parish or state law, and it is constitutionally prohibited for the police jury to attempt to exercise criminal enforcement powers which usurp those delegated to the sheriff. You are correct that the exercise of criminal enforcement powers by the police jury would require a constitutional amendment for validity.
LSA-R.S. 33:1242 authorizes the police jury in itslegislative capacity, to provide either civil or criminal penalties for violations of its ordinances. It does not authorize the police jury to enforce those criminal penalties through its executive power.
Opinion No. 89-553 stated that the executive powers of the police jury could be used to enforce civil penalties. Civil enforcement means the filing of a lawsuit to collect civil fines imposed by ordinance for violation of the posted weight restrictions on the road. Any fines collected through civil process would be paid to the police jury. Criminal fines are remitted by the courts as provided by law, and the police jury has no claim on the disposition of those fines.
Trusting this to be of sufficient information, I am
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: __________________________ CHARLES J. YEAGER Assistant Attorney General
CJY:tm